# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50464 | **DATE** | 10/7/2002 |
| **CASE TITLE** | Turnrose vs. City of Loves Park, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | | 19 |
| | Notified counsel by telephone. | | OCT - 8 2002 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10-8-02 date mailed notice | |
| /LC | courtroom deputy's initials | 02 OCT -8 PM 1:51 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, David L. Turnrose, has filed a six-count second-amended complaint against defendants, City of Loves Park ("City") and Darryl Lindberg, in his individual and official capacities as the Mayor of the City. Turnrose has alleged claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") (Count I), 42 U.S.C. § 1983 for due process violations (Counts II and III), the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA") (Count IV), estoppel (Count V), and breach of contract (Count VI). Jurisdiction and venue over the federal claims are proper based on 42 U.S.C. §§ 12117(a), 2000e-5(f)(3), and 28 U.S.C. §§ 1331, 1391; supplemental jurisdiction over the state law claims is proper based on 28 U.S.C. § 1367. Before the court is defendants' motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

As an initial matter, the court finds Turnrose has sufficiently alleged claims under the ADA and the FMLA. All of the City's arguments to the contrary raise factual issues that are improper on a Rule 12(b)(6) motion. The motion is therefore denied as to Counts I and IV.

Turnrose's due process claims are a little trickier, but the court finds the pleadings are once again adequate to defeat a motion to dismiss. In January 2000 the City decided to suspend and file charges of termination against Turnrose, who was at the time employed by the City as a certified water operator. Then in February 2000 Turnrose appeared, along with counsel for the local union which represented him, at a Civil Service Commission hearing to defend himself against the City's charge of termination. At that hearing, however, the parties entered into an agreement whereby Turnrose waived his right to present a defense before the Commission, allowed the City to present its evidence, and allowed the Commission to enter an order of Turnrose's discharge; in exchange, Turnrose could then grieve his termination through the arbitration process set out in the relevant collective bargaining agreement and, as the City's attorney represented at the hearing, the City would not challenge the union's ability to grieve Turnrose's discharge. Turnrose eventually received a favorable ruling from the arbitrator, with an order directing the City to reinstate him. The City, however, refused to comply with the arbitrator's order and filed a complaint for declaratory relief in state court, claiming that the Commission had exclusive jurisdiction over the matter (in apparent contradiction of its prior representation before the Commission). Turnrose thus claims defendants violated his due process rights by "intentionally misrepresenting through counsel . . . that the City would not challenge the ability of the union to grieve the discharge[,] which plaintiff relied upon when waiving the right to present a defense at said hearing." (Sec. Am. Compl. ¶ 50)

In its motion, defendants argue Turnrose's due process claims are not ripe because the parties are currently litigating these same issues in state court and state law provides Turnrose with all the process he is due. The court, however, is not at all sure how the ripeness doctrine figures into this analysis. If anything, defendants instead seem to be invoking a line of cases that generally say the "unauthorized intentional deprivation" of a property interest by a state employee does not constitute a procedural due process violation if a meaningful postdeprivation hearing for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Parratt v. Taylor, 451 U.S. 527, 541 (1981); Gable v. City of Chicago, 296 F.3d 531, 539-40 (7th Cir. 2002). This means that if state law provides a plaintiff with adequate postdeprivation remedies, he must seek those first before suing in federal court under § 1983. But this entire argument about postdeprivation remedies is, in the court's opinion, a red herring. The reason why courts say postdeprivation remedies satisfy due process in these cases is because a predeprivation hearing is impracticable. See Gable, 296 F.3d at 539. Here, the issue is not whether a pretermination hearing was practicable – it clearly was because one took place. Turnrose's claim is not that he should have been given a pretermination hearing in the first place, but that the one he had was inadequate. Just like a plaintiff who claims his predeprivation hearing was not adequate because he was not given an opportunity to present evidence on his own behalf, see, e.g., Greer v. Amesqua, 212 F.3d 358, 367-68 (7th Cir. 2000), a reasonable reading of Turnrose's complaint is that defendants denied him his due process right to present a defense by getting him to accept a stipulation to waive that right based on their own intentional misrepresentations. Whether Turnrose can prove such a claim is another matter, but the court finds it does at a minimum state a procedural due process violation, regardless of whether he has adequate posttermination remedies available in state court.

Alternatively, defendants argue the state court proceedings are relevant for another reason: abstention under the doctrine of Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). Specifically, they suggest the court should abstain from addressing Turnrose's state law claims because Turnrose filed a counterclaim in state court against the City that includes these same claims. The court, however, does not see the usefulness of abstaining as to only the state law claims, especially when they are intricately tied in with the due process counts, so any fact discovery on the latter would unavoidably apply to the former. And even if the court were in theory inclined to agree with defendants that abstention is proper, they have made their abstention argument in only the most cursory and perfunctory way, devoting just a few sentences to it. Under these circumstances, the court will not abstain from exercising its jurisdiction over the state law claims.

For the reasons stated above, defendants' motion to dismiss is denied.